**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:   ELMER L. RICHARDSON                      Case No. 19-13557-JDW
                                                  Chapter 13 Proceedings

**OBJECTION OF TOWER LOAN OF MISSISSIPPI**
**TO CONFIRMATION OF PLAN**

Tower Loan of Mississippi, LLC, doing business as Tower Loan of  Batesville (Tower),

files this Objection to Confirmation of Chapter 13 Plan which plan was filed by the Debtor

herein (Debtor shall mean joint petitioners as necessary) for the following reasons:

1.      Debtor has filed a petition for bankruptcy pursuant to Chapter 13 of the United

States Bankruptcy Code. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157

and 1334 and 11 U.S.C. §§105 and 1325.  This is a core proceeding pursuant to 28 U.S.C. §157

(b) (2)(A) and (L).  Tower has filed, or will file, a proof of claim in this case as a secured creditor

in the amount of $5,832.26.

2.      As collateral for the indebtedness, Debtor pledged to Tower certain personal

property. A copy of the documentation evidencing Tower's lien is attached hereto.

3.      Tower objects to confirmation on the basis that the Debtor has failed to schedule

payment of the replacement value of the property in which Tower has a security interest at an

acceptable rate of interest over the length of the Chapter 13 plan. Tower further objects to any

Motions for Valuations or Claim per Section 3.2 of the plan that purports that Tower is an

unsecured creditor and to any claims of exemption for any property that is not exemptible or

subject to a prior intervening creditor.

4.      In the event that Debtor proposes to avoid nonpossessory, non-purchase money

security interest securing Tower's claim(s) on the basis it impairs exemptions to which Debtor

would be entitled under 11 U.S.C. § 522(b), and to the extent it does not, Tower denies that all of

the property is exempt and objects to Debtor's claim of exemption for that property that is not

exempt pursuant to Miss. Code Ann. § 85-3-1, et seq., or other applicable law.

5.      Such failure is grounds for the denial of confirmation of the plan pursuant to

§1325 of the Bankruptcy Code.

6.      Should Debtor not be required to pay the replacement value of the collateral, then

Tower requests that Tower be allowed to file an amended proof of claim as a general unsecured

creditor.

WHEREFORE PREMISES CONSIDERED, Tower requests that this Court deny

confirmation of the proposed plan for the reasons set forth and grant other such relief as the

Court may deem proper and just.

Dated this  21st    day of October, 2019.

TOWER LOAN OF MISSISSIPPI, LLC


By:/s/ Rebecca Guion Burton
Its Attorney

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed with the Clerk of Court using the ECF system which sent notification, or mailed, via U.S. Mail, postage fully prepaid to non-ECF participants, a true and correct copy of the foregoing Objection of Tower Loan to Confirmation of Chapter 13 Plan to the following:

Robert Lomenick
rlomenick@gmail.com

Office of the U.S. Trustee
USTPRegion05.AB.ECF@us.doj.gov

Elmer L. Richardson
4685 Barn Acre Rd.
Sardis, MS  38666

Locke D. Barkley
ssmith@barkley13.com
Chapter 13 Trustee

Dated this the 21st day of October, 2019.

By:/s/ Rebecca Guion Burton
Its Attorney

Prepared By:

Rebecca Guion Burton
MSB#: 105059
406 Liberty Park Court
P. O. Box 320001
Flowood, MS  39232-0001
Email: gburton@towerloan.com
Telephone: 601-992-0936
Facsimile: 601-992-5176

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Elmer Richardson** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |

United States Bankruptcy Court for the    **NORTHERN DISTRICT OF MISSISSIPPI**

Case number:
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance                    12/17

### Part 1:    Notices

**To Debtors:**    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2:    Plan Payments and Length of Plan

**2.1    Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$4,849.50**__ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

Direct Pay

Case 19-13557-JDW    Doc 2    Filed 09/03/19    Entered 09/03/19 16:09:34    Desc Main
Document    Page 2 of 7

Debtor    **Elmer Richardson**                                    Case number

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

2.3    **Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:    Treatment of Secured Claims**

3.1    **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** ☑    **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**    Mtg pmts to    **Cenlar**
Beginning    **December 2019**    @    **$1,861.40**    ☑ Plan    ☐ Direct.    Includes escrow ☑ Yes ☐ No

**2**    Mtg pmts to    **Farm Service Agency**
Beginning    **December 2019**    @    **$1,000.00**    ☑ Plan    ☐ Direct.    Includes escrow ☐ Yes ☑ No

**1**    Mtg arrears to    **Cenlar**                    Through    **November 2019**    **$343.80/month ($20,627.89)**
**2**    Mtg arrears to    **Farm Service Agency**        Through    **November 2019**    **$299.20/month ($17,952.00)**

**3.1(b)** ☐    **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property    **-NONE-**
address:

Mtg pmts to
Beginning    month    @    Plan    Direct.    Includes escrow Yes No

Property **-NONE-** Mtg arrears to                    Through

**3.1(c)** ☐    **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:    **-NONE-**    Approx. amt. due:                    Int.
                                                    Rate*:

Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

**Mississippi Chapter 13 Plan**                                    Page 2

Case 19-13557-JDW    Doc 2    Filed 09/03/19    Entered 09/03/19 16:09:34    Desc Main
Document    Page 3 of 7

Debtor        **Elmer Richardson**                                              Case number

Special claim for taxes/insurance: $ _____ **-NONE-** /month, beginning    month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

3.2        **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐        **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑        Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the
amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below
at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on
or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5
of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be
treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the
creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Farm Service Agency** | $4,600.00 | 13 cows | $15,000.00 | $4,600.00 | 6.75% |
| **Panola County Tax Collector** | $3,645.00 | 120 Acres in Panola County Farm Land adjacent to homestead | $250,000.00 | $3,645.00 | **See Part 8.1 |
| **Statewide Federal Credit Union** | $7,377.50 | 2006 Ford F-250 4WD 185,000 miles & 2016 Honda ATV | $8,190.00 | $7,377.50 | 6.75% |
| **Statewide Federal Credit Union** | $951.53 | 2006 Ford F-250 | $8,190.00 | $951.53 | 6.75% |
| **Statewide Federal Credit Union** | $9,071.80 | 2006 Ford F-250 | $3,360.97 | $3,360.97 | 6.75% |
| **Statewide Federal Credit Union** | $1,027.00 | 2015 Honda ATV | $3,500.00 | $0.00 | **See Part 8.1 |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| **-NONE-** | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

Debtor    **Elmer Richardson**                                    Case number

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| **Statewide Federal Credit Union** | **2014 Lexus LS 460 55,000 miles** | **$34,718.49** | **6.75%** |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4    Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑    The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| **Tower Loan Of Batesville** | **bowflex ($100), Treadmill ($100), Exercise bike ($75), lawmower ($1500), weedeater ($50), tractor with implements ($1000), tool box ($200), 3 TV's ($250)** | **$3,275.00** | **$0.00** | **Non-Purchase Money Security** | **UCC** |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑    The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Elmer Richardson** | Case number | |

under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Tradition Auto Sales** | 2012 Volvo VNL wrecked |

*Insert additional claims as needed.*

## Part 4:   Treatment of Fees and Priority Claims

**4.1**   **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**   **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3**   **Attorney's fees.**

☑ No look fee: __**$3,600.00**__

Total attorney fee charged:   **$3,600.00**

Attorney fee previously paid:   **$190.00**

Attorney fee to be paid in plan per confirmation order:   **$3,410.00**

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑   **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5**   **Domestic support obligations.**

☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐   The sum of $
☐   _____% of the total amount of these claims, an estimated payment of $_____
☑   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00.**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**   **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☐   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑   The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Elmer Richardson** | | Case number | |

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| **ED Financial** | **Student Loans in Deferment** | **$187,983.00** | **No Distribution** |

*Insert additional claims as needed.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

1. Upon the filing of a Notice of Postpetition Mortgage Fees, Expenses, and Charges, and absent any objection being filed within 30 days after the filing of said Notice, the Trustee is authorized to pay the amount contained in the Notice as a special claim over the remaining plan term and adjust the plan payment accordingly.
2. The claim of Panola County Chancery Clerk/Tax Assessor for property taxes shall be paid directly by the Debtor.
3. The claims of Statewide FCU are all cross-collateralized, and there is no value left in the collateral to pay the remaining claims of Statewide FCU as a secured creditor.

### Part 9: Signatures:

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Elmer Richardson**
  **Elmer Richardson**
  Signature of Debtor 1

X _____
  Signature of Debtor 2

Executed on   **September 3, 2019**

Executed on _____

**4685 Barn Acre Rd**
Address
**Batesville MS 38606-0000**
City, State, and Zip Code

_____
Address
_____
City, State, and Zip Code

_____
Telephone Number

_____
Telephone Number

X **/s/ Robert H. Lomenick**
  **Robert H. Lomenick 104186**
  Signature of Attorney for Debtor(s)
  **126 North Spring Street**
  **Post Office Box 417**
  **Holly Springs, MS 38635**

Date   **September 3, 2019**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 19-13557-JDW    Doc 2    Filed 09/03/19    Entered 09/03/19 16:09:34    Desc Main
                                    Document      Page 7 of 7

Debtor          **Elmer Richardson**                                              Case number

Address, City, State, and Zip Code
**662-252-3224**                                                    **104186 MS**
Telephone Number                                                    MS Bar Number
**rlomenick@gmail.com**
Email Address

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

001 0002

## MS INSTALLMENT LOAN AGREEMENT AND DISCLOSURE STATEMENT

BORROWER'S NAME / ADDRESS: ESTHER L RICHARDSON  4655 BARRACKE RD  SARDIS MS 38666-9202

Lender: TOWER LOAN OF MISSISSIPPI, LLC DBA TOWER LOAN OF BATESVILLE
P O BOX 1647, BATESVILLE, MS  38606

### FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Schedule of Consecutive Monthly Payments |  |  |
|---|---|---|---|---|---|---|
| | | | | Number of payments | Amount of each payment | |
| 36.76% | $2274.95 | $4667.05 | $6942.00 | 26 | 267.00 | |
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after you have made all payments as scheduled | 1st Payment Due | Last Payment Due | |
| | | | | 11/05/18 | 12/05/20 | |

### ITEMIZATION OF AMOUNT FINANCED UNDER FEDERAL LAW

| | |
|---|---|
| Amount given to you directly | $ |
| Amount paid on your account | $ 3513.09 |
| Amounts paid to others on your behalf (we may be retaining a portion of this amount): | |
| Public officials | $ 18.00 |
| Insurance premium Credit Life | $ 122.64 |
| Credit Disability | $ .00 |
| Credit Property | $ 314.69 |
| Car Club | $ 120.00 |
| NAME | $ |
| NAME | $ |
| NAME | $ |
| NAME | $ |
| TAXES | $ |
| NDOC | $ |
| Closing Fee | $ 277.68 |
| Subtotal of above amounts | 4944.73 |
| LESS prepaid Finance Charge | $ 277.68 |
| Amount Financed (TOTAL) | $ 4667.05 |

SECURITY: You are giving a security interest in Personal Property

Collateral securing this and other loans you have with us also secures other and future indebtedness
LATE CHARGE: If a payment is more than 15 days late, you will be charged the greater of $5.00 or 4% of the payment, not to exceed $50.00

FILING FEES: $ 18.00

PREPAYMENT: If you pay off early, you will not have to pay a penalty and you may be entitled to a refund of part of the finance charge.

See your Promissory Note and Security Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### INSURANCE: Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the annual cost

| TYPE | DEC CL | LVL CL | PREMIUM | | SIGNATURES | | |
|---|---|---|---|---|---|---|---|
| Single Credit Life | X | | $ 122.64 | I/We want credit Life insurance | X Esther L. Richardson X | | X: |
| Joint Credit Life | | | $ | I/We want credit Life insurance | X | X | X: |
| Credit Disability | | | $ | I want credit disability insurance | X | | |

You may obtain property insurance from anyone you want, provided the insurance company is acceptable to the creditor. If you get personal property insurance from or through the creditor, you will pay $ 314.69

☑ Dual Interest
☐ Single Interest

### DISCLOSURES REQUIRED BY MISSISSIPPI LAW:

Excluding the closing fee of $ 277.68 from the finance charge, the state finance charge is $ 1997.27 and the state contract rate is 31.03 %

## PROMISSORY NOTE AND SECURITY AGREEMENT

### ALL INFORMATION IN THE ABOVE DISCLOSURE STATEMENT IS INCLUDED HEREIN BY REFERENCE

PARTIES: "Borrower" means all Borrowers signing below whether one or more, and "Lender" means the Lender named above.
NOTE: For value received, Borrower, jointly and severally, promises to pay to the order of Lender the "Total of Payments" (see above), in the monthly payments stated in the "Schedule of Payments" (see above) until paid in full. Any extension, renewal, renewals, or other indulgences by Lender shall not release Borrower. Borrower waives protest.
LATE CHARGE: Borrower shall pay Lender a late charge, the greater of $5.00 or 4% of the payment on any payment that continues unpaid for more than fifteen (15) days following its due date, but Borrower shall not pay more than $50.00 on any one scheduled payment.
PREPAYMENT REFUND: When Borrower prepays this loan in full, then, (i) if paid by a renewal loan from Lender within 30 days from the date of this loan, Lender shall cancel or refund all of the above finance charges, closing fee and credit insurance premiums on this loan, (ii) if paid by a renewal loan from Lender after 30 days but before 90 days from the date of this loan, Lender shall refund the unearned finance charges computed by the actuarial method, (iii) if paid or renewed after 90 days from the date of this loan, Lender shall refund the unearned finance charges computed by the Rule of 78s based on the number of days Borrower pays early, less 20 days.
SECURITY INTEREST: To secure payment of this loan, Borrower grants Lender a security interest in the property described below under Security.
BORROWER'S DUTIES: If Lender requests, Borrower shall maintain fire, theft, and extended coverage insurance on the security. Such insurance policies shall be payable to Lender and Borrower as Borrower's interest shall appear and shall provide Lender with at least ten (10) days written notice before cancellation. In addition, Borrower shall keep the security at Borrower's address shown above, in good repair and free from adverse liens and security agreements.
DEFAULT: Borrower defaults when (i) Borrower does not pay any payment in full when due, (ii) Borrower does not fully perform any of Borrower's duties under this agreement, (iii) Borrower moves the security without first giving Lender written notice, (iv) Borrower abandons the security, (v) any of the security is lost, stolen, not maintained, destroyed, or substantially damaged, (vi) Borrower death or incompetency, (vii) Borrower defaults under another Tower Loan agreement or (viii) Lender reasonably deems itself insecure.
REMEDIES: When Borrower defaults, Lender can take one or more of the following actions: (i) cancel any credit insurance and apply unearned premiums to the account, (ii)in accordance with the arbitration agreement, bring suit for or arbitrate the delinquent payments, (iii) accelerate and declare due, without notice or further demand for payment, the remaining balance (but in such event, upon receiving full payment, Lender shall rebate the unearned finance charge on the date of payment by using the method described in Prepayment Refund (above), (iv) repossess and dispose of any security as a secured party under the Mississippi Uniform Commercial Code, and/or (v) foreclose on any security deed of trust on realty. Ten (10) days notice by regular mail to Borrower at the above address shall be reasonable notice to Borrower of any disposition of any security. Lender may hire or pay an attorney to help collect the Note or recover its collateral if Debtor does not pay or if Debtor files bankruptcy. Debtor will reimburse Lender for those costs. This includes, subject to limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees for bankruptcy proceedings (including efforts to lift, modify, or vacate any automatic stay or injunction), for defending against unsuccessful counterclaims, and appeals.
OTHER INDEBTEDNESS: The security agreement secures all other and future indebtedness Borrower owes to Lender. Collateral securing other loans Borrower has with Lender also secures this loan.
CREDIT REPORTING: We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. You agree and hereby authorize us to obtain credit reports on you, both now, and at any time any portion of the debt remains owed to us. You specifically acknowledge and agree that we may disclose any default by you under this Note, along with any other relevant information, to credit reporting bureaus.
GOVERNING LAW: The construction, validity and enforcement of this loan agreement shall be governed by the laws of the State of Mississippi without regard to the principles of conflicts of laws.
SEVERABILITY: The illegality or unenforceability of any provision of this Promissory Note and Security Agreement or any instrument or agreement entered into in connection herewith including, without limitation, the Arbitration Agreement, shall not in any way affect or impair the legality or enforceability of the remaining provisions of this Promissory Note and Security Agreement, the Arbitration Agreement or any other instrument or agreement entered into in connection herewith.
SECURITY: The security to which the security interest granted hereunder attaches is indicated below and is more particularly described as follows:
VALUE: We represent to you the value of any personal property security below is:                 $ 7750.00
This value excludes the value of any motor vehicles, livestock, boats or mobile homes
TREADMILL, DONFLEX 63" ZEES UPN POWER, ZENO CRAFTSMAN, 55" VIZIO FLAT SCREEN, 55 VIZIO FLAT SCREEN 3RD, 32" VIZIO FLAT, 100A INTERNATIONAL SANDING BUSH RIG

ARBITRATION AGREEMENT: BY SIGNING BELOW AND OBTAINING THIS LOAN, BORROWER AGREES TO THE ARBITRATION AGREEMENT ON THE ADDITIONAL PAGES OF THIS AGREEMENT. YOU SHOULD READ IT CAREFULLY BEFORE YOU SIGN BELOW. IMPORTANT PROVISIONS, INCLUDING OUR PRIVACY POLICY, ARE CONTAINED ON ADDITIONAL PAGES AND INCORPORATED HEREIN.

_Esther L Richardson_
BORROWER                                BORROWER                                BORROWER

THIS DOCUMENT IS SUBJECT TO A SECURITY INTEREST IN FAVOR OF BANK OF AMERICA, N.A., AS AGENT
VS (rev 03/2018)

**File Numbe..**

**Date Filed: 10/1/2018 3:45:42 PM**

**C. Delbert Hosemann, Jr.**

**Secretary of State**

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**First Tower Corp**                601-992-0153

B. EMAIL CONTACT AT FILER (optional)
dale@towerloan.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

> FIRST TOWER CORP.
> P O BOX 320001
> FLOWOOD, MS  39232-0001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor Name (1a or 1b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | |
|---|---|---|---|
| 1a. ORGANIZATION NAME | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| RICHARDSON | .ELMER | L | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4685 BARNACRE RD | SARDIS | MS | 38666-5200 | USA |

2. DEBTOR'S NAME: Provide only one Debtor Name (2a or 2b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | |
|---|---|---|---|
| 2a. ORGANIZATION NAME | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | |
|---|---|---|---|
| 3a. ORGANIZATION NAME TOWER LOAN OF MISSISSIPPI, LLC | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P O BOX 1647 | BATESVILLE | MS | 39568 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

TREADMILL, BOWFLEX, 60" ZERO TURN MOWER, ECHO, CRAFTSMAN, 55" VIZIO FLAT SCREEN, 42" VIZIO FLAT SCREE 3RD, 32" VIZIO FLAT, 1086 INTERNATIONAL TRACTOR, BUSH HOG,

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad item 17 and instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:   ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:   ☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable)   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY - UCC FINANCING STATEMENT (Form UCC1)(Rev 08/23/11)